THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
DEC 0 8 2008 TC
Dec 08 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Eduardo Manjarres, )
 )
    Plaintiff, )
 ) 08CV7010
    v. ) JUDGE HOLDERMAN
 ) MAGISTRATE JUDGE NOLAN
BNSF Railway Company d/b/a The Burlington )
Northern Santa Fe Railway Company, )
 )
    Defendant. )

## COMPLAINT

**NOW COMES** Plaintiff, Eduardo Manjarres ("Plaintiff" or "Manjarres"), by and through his attorney, Law Office of David Manjarres, Esq., and for his Complaint against Defendant, BNSF Railway Company d/b/a The Burlington Northern Santa Fe Railway Company ("BNSF"), states as follows:

### NATURE OF ACTION

1. This action is brought pursuant to the Federal Employer's Liability Act (45 U.S.C. § 51 *et seq.*, and common law breach of contract and promissory estoppel principles.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51 ("FELA").

3. Venue is proper in this Northern District of Illinois pursuant to the Federal Employer's Liability Act, 45 U.S.C. § 51. Defendant does business within the jurisdiction of this Court in DuPage, Kane, and Cook Counties, among others, and employed and acted with respect to the

Plaintiff within the jurisdiction of this court. All the events giving rise to this claim occurred within the jurisdiction of the Court.

## PARTIES

4. Plaintiff is a resident of Will County, Illinois, and at all relevant times was an employee of the Defendant.

5. Defendant is a common carrier pursuant to FELA doing business throughout the Northern District of Illinois.

## STATEMENT OF CLAIM

### COUNT 1: FELA

6. Defendant has employed Plaintiff continuously since on or about February 2005.

7. On December 7, 2007, Plaintiff was employed by Defendant to work on or about locomotives in the Defendant's east yard in Aurora, Illinois. The work involved climbing onto and off of locomotives or train cars on uneven terrain in said yard.

8. Defendant is a common carrier. There was in force on December 7, 2007, a federal statute entitled the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, which covers Defendant and requires Defendant to exercise reasonable care to provide a reasonable safe workplace for its employees.

9. Defendant breached the duty it owed to Plaintiff by failing to exercise reasonable care to provide a reasonable safe workplace for its employees by committing negligent acts or omissions, including, but not limited to:

   a. Creating hazardous conditions by having workers pack snow into ice in Plaintiff's work area and failing to clear the hazardous ice thus created;

b. Improperly maintaining the roadbed trackside or crossing upon which it required Plaintiff to work;

c. Failing to keep work area clear of ice and other slip hazards;

d. Failing to warn Plaintiff of hazardous conditions;

e. Mandating Plaintiff to wear footwear that exacerbated potential fall hazard in contradiction of the explicit instructions of the footwear manufacturer's directions;

f. Failing to provide adequate artificial lighting equipment to light hazardous area to mitigate hazard; and

g. Violating FELA, a statute designed for the protection of Defendant's workers.

10. Defendant's negligence in failing to exercise reasonable care to provide a reasonable safe workplace for its employees proximately caused injuries to plaintiff.

11. As a direct and proximate result of Defendant's negligence, Plaintiff:

a. incurred medical bills, including bills for x-rays and radiologist;

b. lost wages and benefits as a result of time off to seek medical treatment and to recover from injury;

c. suffered restrictions in his usual activities and affairs; and

d. suffered pain, discomfort, and mental anguish.

12. Defendant's negligence in breaching its duty caused damage to Plaintiff in an amount in excess of ten thousand dollars ($10,000).

3

## COUNT 2: BREACH OF CONTRACT

13. Plaintiff re-alleges paragraphs 1-12 and incorporates them by reference herein.

14. On December 3, 2008 Plaintiff's counsel spoke to Richard Dennis ("Dennis"), a duly authorized representative of Defendant, and agreed to settle the matters that are the subject of this claim for an agreed sum.

15. Subsequently Dennis has not returned numerous telephone calls requesting his e-mail or fax number or otherwise requesting a written confirmation of the settlement.

16. Defendant's actions appear to be a breach of the settlement agreement reached on December 3, 2008.

## COUNT 3: PROMMISSORY ESTOPPEL

17. Plaintiff re-alleges paragraphs 1-16 and incorporates them by reference herein.

18. Defendant reached a settlement in this matter on December 3, 2008 and is estopped from raising a statute of limitation or other defense at a later time.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff prays for:

A. judgment against Defendant in an amount in excess of ten thousand dollars ($10,000); and

B. costs of suit plus any other further relief the Court deems just and proper.

                                                EDUARDO MANJARRES
                                                Plaintiff

Date: 12/8/08                                By: _/s/ David Manjarres_

                                                    David Manjarres, Esq.

David Manjarres (6239505)
Law Office of David Manjarres, Esq.
6325 Dean Drive
Suite 100
Woodridge, IL 60517
Ph. (630) 541-5988

5